**In the Matter of the GUARDIANSHIP of the Person and ESTATE of Jennie JACOBSEN.**

**No. 17207.**

Supreme Court of South Dakota.

Considered on Briefs Feb. 11, 1991.

Decided March 11, 1992.

Linda Kogel–Hasse, Vermillion, for appellant Virginia Solberg.

C.E. Light, Yankton, for appellee Harlan Jacobsen.

Michael J. McGill, Beresford, for appellee Jennie Jacobsen.

HENDERSON, Justice.

### FACTS/PROCEDURAL HISTORY/ISSUE

Harlan Jacobsen (Harlan) brought an action for the appointment of a guardian over the person and estate of his mother, Jennie Jacobsen (Jennie) on July 24, 1989. Virginia Solberg (Virginia), daughter of Jennie, also filed a Petition for Appointment of Guardianship on November 7, 1989, asking the court to appoint her and an independent third party as co-guardians of the person and estate of Jennie.

On December 4, 1989, Harlan moved to amend his Petition for Appointment of Guardianship, asking the court to appoint Harlan and an independent third party as co-guardians of the person and estate of Jennie.

A trial was held on December 8, 1989. It concluded December 14, 1989. On February 13, 1990, the court entered its Findings of Fact and Conclusions of Law. On April 4, 1990, the court issued a Memorandum Opinion designating Virginia as Guardian

of the person of Jennie and First Dakota National Bank of Yankton, South Dakota Guardian of the Estate of Jennie.

Motions were filed by Virginia and Harlan for attorney's fees and a hearing was held on February 6, 1990. An Order was filed on April 4, 1990, denying Harlan attorney's fees. On May 10, 1990, the court entered its Order denying attorney's fees to Virginia.

Virginia raises one issue on appeal: If pre-appointment expenses and attorney's fees are incurred by an applicant for guardianship, are they then allowable by the probate court as a charge against an incompetent estate?

## DECISION

*The circuit court properly denied fees and expenses to Virginia.*

Under South Dakota law, attorney's fees are allowable in actions only when specifically provided by statute according to SDCL 15–17–7 which reads:

> The court may allow attorneys' fees as costs for or against any party to an action only in the cases if it is specifically provided by statute, but nothing herein abridges the power of the court to order payment of attorneys' fees in all cases of divorce, annulment of marriage, determination of paternity or for separate maintenance and alimony, if the allowance of the same before or after judgment is warranted. Nor does anything herein abridge the power of the court to allow attorneys' fees from trusts administered through the court.

Although we are unable to find any precise authority permitting attorney's fees to petitioners of guardianships, we believe that attorney's fees may be awarded in guardianship proceedings pursuant to SDCL 30–26–3 [1] through an application of SDCL 30–25–6 [2]. In probate proceedings, attorney's fees may be awarded under cer-

tain circumstances pursuant to SDCL 30–25–6. Under SDCL 30–25–6 fees are awarded as a necessary expense for the care and management of the estate. However, before an award will be made, a two-prong test must be met: (1) the services rendered must be beneficial to the estate, and (2) the services were necessary because of laches, negligence, fraud or failure to defend an interest of the estate, by the personal representative of the estate. *Matter of Hadleigh D. Hyde Trust,* 458 N.W.2d 802 (S.D.1990); *Matter of Estate of Hafferman,* 442 N.W.2d 238 (S.D.1989).

Due to our decision in # 17112, # 17113 In the Matter of the Guardianship of the Person and Estate of Jennie Jacobsen, we are of the opinion that such an allowance of expenses and fees is not warranted because Virginia has failed to meet the test set forth above.

Affirmed.

MILLER, C.J., and SABERS, J., and HERTZ, Acting J., concur.

WUEST, J., dissents.

AMUNDSON, J., not having been a member of the Court at the time this case was considered, did not participate.

WUEST, Justice (dissenting).

I dissent, based on my writing in # 17112, # 17113, Matter of Guardianship of Jacobsen.

---

**1.** SDCL 30–26–3 states: The provisions of this title relative to the estates of decedents, so far as they relate to the practice in the circuit court, apply to proceedings under chapters 30–26 to 30–31, inclusive.

**2.** SDCL 30–25–6 states, in pertinent part: The executor or administrator shall be allowed all necessary expenses in ·the care, management, and settlement of the estate and for his services such fees as are provided in this chapter ...